# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3397

_____

United States of America,       *
          *
      Appellee,       *
          *   Appeal from the United States
   v.            *   District Court for the
          *   Southern District of Iowa.
James Edward Gibson,     *    [UNPUBLISHED]
          *
      Appellant.     *

_____

Submitted: March 6, 2003
Filed: March 10, 2003

_____

Before HANSEN, Chief Judge, MURPHY, and RILEY, Circuit Judges.

_____

PER CURIAM.

     James Edward Gibson pleaded guilty to conspiring to distribute 500 grams or more of a mixture containing methamphetamine, and measurable amounts of cocaine and marijuana, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), (b)(1)(C), and (b)(1)(D). The district court[1] found that Gibson was responsible for over 5 grams of actual methamphetamine, and sentenced him to 262 months imprisonment and 8 years supervised release.

_____

    [1]The Honorable Robert W. Pratt, United States District Judge for the Southern District of Iowa.

On appeal, counsel has moved to withdraw and filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), arguing the district court erred in its drug-quantity calculation. Gibson has filed a pro se supplemental brief, also challenging the drug-quantity calculation. Having carefully reviewed the record, we conclude there was no clear error. <u>See</u> <u>United States v. Santana</u>, 150 F.3d 860, 864 (8th Cir. 1998) (standard of review). In his plea agreement Gibson stipulated that he was responsible for 27.18 grams of a mixture containing methamphetamine; at his sentencing hearing a former state criminalist testified that, following laboratory protocol, she had thrice tested a single sample of the methamphetamine and had found an average purity of 20%; and even factoring in the laboratory's 5% margin of error, the stipulated quantity of methamphetamine mixture would yield more than 5 grams of actual methamphetamine.

We have further reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.